UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHARLES JACOB JARVIS,<br><br>　　　　Defendant. | No. 1:15-CR-2026-LRS-1<br><br>ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE |

　　　BEFORE THE COURT with oral argument on November 20, 2015 is Defendant's Motion to Modify Conditions of Release (ECF No. 149), which the Court has expedited. Kenneth Therrien represented the Defendant and Ian Garriques represented the Government. Defendant requests a temporary modification of Special Conditions 13 and 21 to allow his out of district travel to Long Beach, Washington from November 25 through November 29, 2015. The Motion to Modify is opposed by both the Government and the Defendant's supervising probation officer.

　　　A magistrate judge has the authority to modify pretrial release conditions while remaining mindful that such conditions continue to satisfy the goals of the Bail Reform Act of 1984 to reasonably assure a defendant's appearance at his or her trial and the safety of the community. See 18 U.S.C. § 3142(f) to (g); 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."); 28 U.S.C. § 636(a)(2) (magistrate judge is empowered to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial"). In ensuring that the goals of the Act are satisfied, the Court is guided by 18 U.S.C. § 3142(f), which requires a defendant to establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her

ORDER - 1

release conditions regarding flight or dangerousness. 18 U.S .C. § 3142(f).

Defendant presents the Court with nothing new or material apart from the fact that the Defendant has been compliant with all terms of pretrial conditions during the pendency of the case.  However, compliant behavior is required and does not alleviate the Court's concerns which led it to set Special Conditions 13 and 21. The only changed circumstance is that the Defendant has entered a guilty plea pursuant to an Fed.R.Crim.P 11(c)(1)(C) Plea Agreement and if approved, he is scheduled to be sentenced on January 26, 2016 to a term of five years imprisonment.

Defendant's Motion to Modify Conditions of Pretrial Release (**ECF No. 49**) is **DENIED**.

The Clerk of the Court is directed to enter this Order and provide copies to counsel.

**DATED** November 20, 2015.

s/James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
